**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

AMANDA ASBURY,

                Plaintiff,

v.                               CIVIL ACTION NO.   2:23-cv-00005

POCAHONTAS COAL
COMPANY LLC, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Plaintiff's Motion to Remand* (Document 26), the *Plaintiff's Memorandum in Support of Motion to Remand* (Document 27), *Arch Resources, Inc. and Mingo Logan Coal, LLC's Response to Motion to Remand* (Document 39), *Defendant Consol Energy Inc.'s Response to Plaintiff's Motion to Remand* (Document 40), *Defendant Alpha Natural Resources Services, LLC's and Contura Energy, Inc.'s Response to Plaintiff's Motion to Remand* (Document 41), *Blackhawk Mining, LLC's Response to Plaintiff's Motion to Remand* (Document 42), *Defendants Pocahontas Coal Company, LLC's and United Coal Company LLC's Response to Plaintiff's Motion to Remand* (Document 43), and the *Plaintiff's Reply to Defendants' Responses in Opposition to Plaintiff's Motion to Remand* (Document 44).

The Court has also reviewed *Arch Resources, Inc. and Mingo Logan Coal, LLC's Motion to Sever* (Document 21), the *Memorandum in Support of Arch Resources, Inc. and Mingo Logan Coal, LLC's Motion to Sever* (Document 22), the *Plaintiff's Response to Defendants Arch Resources, Inc. and Mingo Logan Coal LLC's Motion to Sever* (Document 28), *Arch Resources, Inc. and Mingo Logan Coal, LLC's Reply in Support of Motion to Sever* (Document 34), *Defendant*

*Consol Energy Inc.'s Reply to Plaintiff's Response to Defendants Arch Resources, Inc. & Mingo Logan Coal LLC's Motion to Sever* (Document 35), and *Blackhawk Mining, LLC's Reply in Support of Arch Resources, Inc. and Mingo Logan Coal LLC's Motion to Sever* (Document 37), as well as the other Defendants' motions to join in the motion to sever.   For the reasons stated herein, the Court finds that the Court lacks jurisdiction to address the motion to sever, and the motion to remand should be granted.

## FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

The Plaintiff, Amanda Asbury, initiated this action with a *Complaint* (Document 2-1) filed on November 30, 2022, in the Circuit Court of Boone County, West Virginia.   She named the following Defendants:   Pocahontas Coal Company LLC, Affinity Coal Company, LLC, United Coal Company, LLC, Blackhawk Mining, LLC, Arch Resources, Inc., Mingo Logan Coal LLC, Cleveland-Cliffs Princeton Coal Inc., GMS Mine Repair and Maintenance, Inc., David Stanley Consultants, LLC, Contura Energy, Inc., Alpha Natural Resources Services, LLC, Consol Energy Inc., and Stanhurst, LLC.

Ms. Asbury was employed at Pinnacle Mining for approximately 12 years, until she was discharged when the mine shut down on or about December 18, 2018.   She is experienced in various positions and has numerous certifications related to coal mining.   The Defendants are all coal mine employers.   Ms. Asbury applied for positions with each of the Defendants beginning in 2020.   She applied in person, online, at job fairs, and through recruiting sites, and had interviews for some positions.   Despite being qualified for the positions for which she applied, each of the Defendants refused to hire her and, instead, hired male applicants.   Employees at Affinity Coal Company and United Coal Company told her that she would not be hired because the mine did not

2

have a female bath house.   She alleges that the Defendants did not hire her based in whole or in part on her gender, in violation of the West Virginia Human Rights Act.

Ms. Asbury is a West Virginia resident.   She alleges that each of the Defendants were doing business in West Virginia at all relevant times.   However, she alleges that the Defendants are incorporated and/or headquartered in different states.   She alleges that Pocahontas Coal Company, doing business as Affinity Coal Company, Cleveland-Cliffs Princeton Coal, David Stanley Consultants, and Stanhurst are West Virginia companies, that United Coal Company is a Virginia company, that Blackhawk Mining is a Kentucky company, that Arch Resources, Mingo Logan Coal, Alpha Natural Resources, and Consol Energy are Delaware companies, and that GMS Mine Repair and Maintenance is a Maryland company.[1]

Defendants Arch Resources and Mingo Logan Coal timely removed the action on January 4, 2023.   They assert diversity jurisdiction, contending that the Defendants are not properly joined and so the Court should disregard the non-diverse citizenship of Ms. Asbury and some of the Defendants' companies.   Arch Resources and Mingo Logan Coal filed a motion to sever on January 20, 2023.   Ms. Asbury responded to the motion to sever and filed a motion to remand on February 3, 2023.   Briefing on both motions is complete.

## STANDARD OF REVIEW

An action may be removed from state court to federal court if it is one over which the district court would have had original jurisdiction.   28 U.S.C. § 1441(a).[2]   This Court has original

---

[1] The citizenship of certain defendants is contested, but it is uncontested that the Plaintiff named non-diverse Defendants that are considered West Virginia citizens for jurisdiction purposes.

[2]   Section 1441 states in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have

jurisdiction of all civil actions between citizens of different states or between citizens of a state and citizens or subjects of a foreign state where the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.   28 U.S.C. § 1332(a)(1)-(2).   Generally, every defendant must be a citizen of a state different from every plaintiff for complete diversity to exist. Diversity of citizenship must be established at the time of removal.   *Higgins v. E.I. Dupont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir.1998).

Section 1446 provides the procedure by which a defendant may remove a case to a district court under Section 1441.   Section 1446 requires that "[a] defendant or defendants desiring to remove any civil action from a State court shall file . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal."   28 U.S.C. § 1446(a).   Additionally, Section 1446 requires a defendant to file a notice of removal within thirty days after receipt of the initial pleading.   It is a long-settled principle that the party seeking to adjudicate a matter in federal court, through removal, carries the burden of alleging in its notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter.   *Strawn et al. v. AT &T Mobility, LLC et al.*, 530 F.3d 293, 296 (4th Cir. 2008); *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("The burden of establishing federal jurisdiction is placed upon the party seeking removal.") (citation omitted). Accordingly, in this case, the removing defendant has the burden to show the existence of diversity jurisdiction by a preponderance of the evidence.   *See White v. Chase Bank USA, NA.*, Civil Action

---

original jurisdiction may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

No. 2:08-1370, 2009 WL 2762060, at *1 (S.D. W.Va. Aug. 26, 2009) (Faber, J.) (citing *McCoy v. Erie Insurance Co.*, 147 F.Supp. 2d 481,488 (S.D. W.Va. 2001)).   In deciding whether to remand, because removal by its nature infringes upon state sovereignty, this Court must "resolve all doubts about the propriety of removal in favor of retained state jurisdiction."   *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999).

## DISCUSSION

The Defendants contend that the claims against each Defendant arose from separate transactions, with no alleged coordination between the Defendants regarding their hiring practices. They argue that the claims are not sufficiently related to be properly joined, and ask the Court to sever the cases, remand the cases against non-diverse Defendants, and retain jurisdiction over the cases against diverse Defendants.   The Defendants rely on cases from this district and elsewhere, applying the theory of fraudulent or procedural misjoinder.

The Plaintiff asserts that her claims present common questions of law and fact, given that she alleges each Defendant failed to hire her because of her gender and instead hired a male job applicant.   If the Court refuses to keep the claims together in one case, she requests that claims as to related companies remain joined.

"The 'fraudulent joinder' doctrine permits removal when a non-diverse party is (or has been) a defendant in the case…This doctrine effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction."   *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999).   The Fourth Circuit sets a high standard for defendants attempting to demonstrate fraudulent joinder: "[T]he removing party must establish either: that

there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court, or; that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Id.* at 464 (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)) (emphasis in original; brackets removed).   Courts may consider the record beyond the pleadings to "determine the basis of joinder" and "whether an attempted joinder is fraudulent." *AIDS Counseling & Testing Centers v. Grp. W Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir. 1990) (internal quotation marks and citations omitted).

The Fourth Circuit has described the standard for fraudulent joinder as "even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Hartley*, 187 F.3d at 424.   Furthermore, "all legal uncertainties are to be resolved in the plaintiff's favor in determining whether fraudulent joinder exists" and "courts should resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." *Id.* at 425 (internal quotation marks removed).

Some district courts in this circuit have extended the reasoning in *Mayes* and *Hartley*, which involved arguments that a claim against a non-diverse defendant was legally invalid, to cases like this one, with valid claims against non-diverse defendants that are allegedly improperly joined with valid claims against diverse defendants.   "Fraudulent misjoinder...is an assertion that claims against certain defendants, while provable, have no real connection to the claims against other defendants in the same action and were only included in order to defeat diversity jurisdiction and removal."  *See, e.g.*, *Wyatt v. Charleston Area Med. Ctr., Inc.*, 651 F. Supp. 2d 492, 496 (S.D.W. Va. 2009) (Goodwin, C.J.).   "The doctrine of fraudulent misjoinder is relatively new and not clearly defined."  *Id.*   In *Wyatt*, Judge Goodwin found that in addition to applying Rule 20 to

6

determine whether the claims were properly joined, the Court would also "need to find…that there was 'something more' than mere misjoinder" to warrant severing and remanding the non-diverse defendants.  *Id.* at 498–99.[3]

However, the Court is not convinced that it can engage in an analysis of whether to sever claims under Rule 20 of the Federal Rules of Civil Procedure without jurisdiction—and there is no dispute that the Court lacks jurisdiction as to some of the named Defendants.  The Fourth Circuit has not adopted a fraudulent misjoinder rule permitting federal courts to exercise diversity jurisdiction over cases with claims against non-diverse defendants, sever and remand as to those defendants, and proceed with removed claims against diverse defendants.  Judge Bruce Howe Hendricks in the District of South Carolina recently issued an opinion outlining the theory and case law supporting application of the fraudulent misjoinder doctrine.  *Stallings v. Arch Ins. Co.*, No. CV 2:21-3349-BHH, 2022 WL 4663250 (D.S.C. Sept. 30, 2022).  The Court finds her excellent and thorough reasoning persuasive and adopts it in full.  She explained that "because Plaintiff's complaint was first filed in State court and subsequently removed, the issue whether this Court has subject matter jurisdiction is a threshold question antecedent to application of Rules 20 and 21 in the manner that Defendants propose."  *Id.* at 4.  In short, neither Fourth Circuit precedent nor the language of 28 U.S.C. §1441 permit removal, on the basis of diversity jurisdiction, without either complete diversity or fraudulent joinder. As previously stated,

---

3 Because the Court finds that it lacks jurisdiction and cannot properly address the motion to sever, the Court need not address the fraudulent misjoinder arguments further.  However, if the Court accepted the fraudulent misjoinder doctrine, remand would remain appropriate because the Defendants have not established anything more egregious than potential misjoinder.  It is not clear to the Court that these claims are in fact misjoined: the Plaintiff alleges a series of transactions in which she applied for open positions at the Defendant coal companies and was rejected in favor of male applicants.  She also alleges being informed in at least one instance that the company lacked facilities for female employees.  The Defendants argue that there is no allegation of coordination in their decision-making, but there is some indication that she may be able to demonstrate a collective industry practice of failing to provide facilities for female employees, and therefore rejecting all female applicants.

fraudulent joinder requires either "outright fraud in the pleading of jurisdictional facts" or a showing that the "plaintiff has no cause of action against [the non-diverse defendant] in State court." *Id.* at *5. As Judge Hendricks explained, any motion to sever can be raised before the state court, which has jurisdiction to consider that question. *Id.*; *see also United States v. Wilson*, 699 F.3d 789, 793 (4th Cir. 2012) ("Subject matter jurisdiction defines a court's power to adjudicate cases or controversies—its adjudicatory authority—and without it, a court can only decide that it does not have jurisdiction.") Therefore, the Court finds that the motion to remand must be granted.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Plaintiff's Motion to Remand* (Document 26) be **GRANTED** and that this matter be **REMANDED** to the Circuit Court of Boone County, West Virginia, for further proceedings. Any pending motions are hereby **TERMINATED AS MOOT.**

The Court **DIRECTS** the Clerk to send a certified copy of this Order to the Clerk of the Circuit Court of Boone County, West Virginia, to counsel of record, and to any unrepresented party.

ENTER:        March 14, 2023

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA